# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 3:07-cr-205

                                       District Judge Thomas M. Rose
  - vs -                           Magistrate Judge Michael R. Merz

EDWIN ARTHUR AVERY,

                Defendant.    :

## DECISION AND ORDER

      This case is before the Court on Defendant's Motion for Correction of Sentence in Light of *Johnson v. United States* (ECF No. 38). Judge Rose has referred the Motion to the Magistrate Judge (ECF No. 39).

      It appears that Defendant Avery is seeking to have his judgment of conviction modified in light of *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). In light of Defendant's *pro se* status, the Court desires to liberally construe his Motion under , *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). The Court is prepared to do that and allow him the date of filing of the Motion, November 13, 2015, as the filing date for a motion to vacate under 28 U.S.C. § 2255 if what he wants to do is seek relief from his conviction in that way. However, the Court is ordered by the Supreme Court not to construe a filing as a 2255 motion

1

unless the defendant clearly says that is what he wishes, because federal defendants are allowed only one such motion without permission the court of appeals.

> A federal court cannot recharacterize a *pro se* litigant's motion as a first § 2255 motion unless it first informs the litigant of its intent to recharacterize, warns the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provides the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If these warnings are not given, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions.

*Castro v. United States*, 540 U.S. 375, 377 (2003).  Therefore the Clerk is directed to send Mr. Avery a blank § 2255 Motion form which he should complete and file by January 3, 2016, if he wishes the Court to consider his claim under *Johnson*.  The Clerk will also furnish Defendant with a copy of the docket sheet in this case.

Avery expressly requests a new sentencing hearing and appointment of new counsel.  A new sentencing hearing will be required, if at all, once the Court decides if *Johnson* applies to this case.  Furthermore, the Court appoints counsel in § 2255 cases only if it determines that an evidentiary hearing is needed.  Therefore the Motion is DENIED without prejudice to the merits of a completed § 2255 Motion and appointment of counsel if an evidentiary hearing is needed on that motion.

December 4, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge
