# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 3:07-cr-205
                                             Also Case No. 3:16-cv-002

                                             District Judge Thomas M. Rose
- vs -                                Magistrate Judge Michael R. Merz

EDWIN ARTHUR AVERY,

        Defendant.    :

---

# REPORT AND RECOMMENDATIONS

---

This case is before the Court on Defendant's Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 (ECF No. 41).

On November 13, 2015, Avery filed a Motion for Correction of Sentence in light of *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015)(ECF No. 38). Exercising the caution commanded by *Castro v. United States*, 540 U.S. 375, 377 (2003), the Court asked Mr. Avery to clarify if he was intending to file under § 2255 and ordered the Clerk to furnish him with the appropriate forms. He has now responded with the § 2255 Motion before the Court.

The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Cases which provides:

1

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

In *Johnson*, the Supreme Court held that the residual clause of the ACCA, 18 U.S.C. § 924(e)(1), is unconstitutionally vague. Avery reads *Johnson* broadly to mean that the Armed Career Offender Act (the "ACCA") is unconstitutional in its entirety and "cannot be used to enhance a sentence." (Motion, ECF No. 41, PageID 152). That is a substantially overbroad reading of *Johnson*. It does not support Avery's claim for relief for the following reasons.

Edwin Avery was indicted by the grand jury for this District on December 20, 2007, and charged in one count with a violation of 18 U.S.C. §§ 922(g)(1) and 924(e) in that he was alleged to have possessed a firearm after having been convicted as follows:

> (1) on or about August 8, 2005, Defendant Edwin Arthur Avery was convicted in the Court of Common Pleas of Clark County, Ohio, in case number 05-cr-293, of robbery, in violation of Ohio Revised Code section 2911.02;
>
> (2) on or about August 8, 2005, Defendant Edwin Arthur Avery was convicted in the Court of Common Pleas of Clark County, Ohio, in case number 05-cr-539 of felonious assault, in violation of Ohio Revised Code section 2903.11;
>
> (3) on or about January 4, 2002, Defendant Edwin Arthur Avery was convicted in the Court of Common Pleas of Clark County, Ohio, in case number 01-cr-758, of trafficking in crack cocaine, in violation of Ohio Revised Code section 2925.03;
>
> (4) on or about January 4, 2002, Defendant Edwin Arthur Avery was convicted in the Court of Common Pleas of Clark County,

>Ohio in case number 01-cr-578, of robbery, in violation of Ohio Revised Code section 2911.02;
>
>(5) on or about March 14, 2000, Defendant Edwin Arthur Avery was convicted in the Court of Common Pleas of Clark County, Ohio in case number 99-cr-611, of trafficking in crack cocaine, in violation of Ohio Revised Code section 2925.03,

(Indictment, ECF No. 1, PageID 1-2.)

18 U.S.C. § 924(e) provides in its entirety:

>(e)
>(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).
>
>(2) As used in this subsection—
>
>(A) the term "serious drug offense" means—
>
>(i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46 for which a maximum term of imprisonment of ten years or more is prescribed by law; or
>
>(ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law;
>
>(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile

3

>delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
>(i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
>(ii)   is burglary, arson, or extortion, involves use of explosives**, or otherwise involves conduct that presents a serious potential risk of physical injury to another**; and
>
>(C)   the term "conviction" includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.

The only portion of the ACCA declared unconstitutionally vague in *Johnson* is the language which has been bold-faced in the above quotation.

Avery was not convicted under the residual clause of the ACCA. Rather he pleaded guilty to and was convicted of violating § 922(g)(1) in that he had five prior qualifying offenses. Two were for trafficking in crack cocaine in violation of Ohio Revised Code § 2925.03. Those count as "serious drug offenses" under the ACCA.

Entirely apart from the drug offenses, Avery had been convicted of two counts of robbery and one count of felonious assault. The statutory definitions of each of those offenses includes as an element the use, attempted use, or threatened use of force against the person of another. See Ohio Revised Code §§ 2903.11 (felonious assault) and 2911.02 (robbery). When he pleaded guilty, Avery admitted that each one of these prior offenses was committed separately from the others and that each of them constituted a "violent felony" as that term is used in the ACCA (Plea Agreement, ECF No. 21, PageID 41-42.).

Thus Avery had not three, but five, prior felony convictions which qualify under 18 U.S.C. § 924(e) without any reference to the residual clause declared unconstitutional in

*Johnson*. For that reason, his § 2255 Motion should be dismissed with prejudice without further proceedings.

There is a second reason why the Motion should be dismissed: it was filed in violation of the terms of the Plea Agreement. Avery's guilty plea was made under Fed. R. Crim. P. 11(c)(1)(C) in that he and the United States agreed that the appropriate sentence in the case was fifteen years imprisonment, the mandatory minimum required to be imposed for violations of the ACCA (Plea Agreement, ECF No. 21, PageID 37). In return for that agreement by the United States, Avery agreed he would not appeal and he would not bring a collateral attack against the conviction. *Id.* at PageID 39. The Sixth Circuit noted the existence and validity of that waiver, at least as it pertains to the appeal, when it affirmed the conviction. *United States v. Avery,* Case No. 08-4271 (6th Cir. Aug. 21, 2009)(unpublished, copy at ECF No. 35, PageID 139).

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the § 2255 Motion be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Avery be denied a certificate of appealability and the Court certify that any appeal would be frivolous and should not be permitted to proceed *in forma pauperis*.

January 5, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).