# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

            Plaintiff,    :    Case No. 3:07-cr-205
                                             Also Case No. 3:16-cv-002

                                                     District Judge Thomas M. Rose
- vs -                                         Magistrate Judge Michael R. Merz

EDWIN ARTHUR AVERY,

            Defendant.    :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

       This case is before the Court on Defendant's Objections (ECF No. 43) to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 42) recommending that Defendant's Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 be dismissed with prejudice (ECF No. 41).  Judge Rose has recommitted the case for reconsideration in light of the Objections (Recommittal Order, ECF No. 44).

**Procedural History**

       Edwin Avery was indicted by the grand jury on one count of possessing a firearm after having been convicted of five prior felonies (Indictment, ECF No. 1).  He was convicted on his

1

plea of guilty to that charge pursuant to a written Plea Agreement (ECF No. 21).  The plea was made pursuant to Fed. R. Crim. P. 11(c)(1)(C) in that the parties agreed that an appropriate sentence would be fifteen years imprisonment. *Id.*  at PageID 37, ¶ 4.  Also as part of the Plea Agreement, Avery waived his right to appeal and "any right to bring a post-conviction collateral attack on the conviction or sentence." *Id.*  at  PageID 39, ¶ 8.  As part of the Statement of Facts attached to the Plea Agreement, Avery agreed that he had been convicted of the five predicate offenses used to enhance the penalty under the ACCA and that the felonious assault and robbery convictions were for "'violent felonies' as defined in 18 U.S.C. § 924(e)(2)(B)." *Id.* at PageID 41-42.  During the plea colloquy, Avery confirmed the written admissions made in the Plea Agreement (Transcript, ECF No. 32).

After pleading guilty but before sentencing, Avery sought to withdraw his plea, but only as it related to the federal offense in suit, not as to any claim the prior felonies did not qualify under the ACCA (Motion, ECF No. 26).  After receiving a Presentence Investigation Report which confirmed the five predicate felony convictions, Judge Rose sentenced Avery to fifteen years imprisonment which was the agreed sentence and the mandatory minimum (Judgment, ECF No. 29).

Despite having agreed not to appeal, Avery filed a Notice of Appeal pro se (ECF No. 31). Appointed counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), indicating there were no colorable issues to appeal.  *United States v. Avery,* No. 08-4271 (6th Cir, Aug. 21, 2009)(unreported, copy at ECF No. 35, PageID 137).  The Court of Appeals noted that Avery had waived his right to appeal his sentence by the terms of the Plea Agreement.  *Id.*  at PageID 139.  Avery filed no petition for certiorari in the United States Supreme Court, so his conviction

became final November 22, 2009, the last day on which he could have filed.  Avery did not file his initial request for relief from judgment until November 13, 2015, almost six years later.

# ANALYSIS

Avery's § 2255 Motion asserted that he was entitled to relief under *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) (ECF No. 41).  In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), is unconstitutionally vague.  The Report concluded that, because Avery had not been convicted under the residual clause of the ACCA, *Johnson* provided no basis for changing his sentence (Report, ECF No. 42, PageID 164-65).

In his Objections, Avery does not take issue with this analysis.  Instead, he makes claims based on other Supreme Court precedent.  The Report found that he had five prior felony convictions which qualified him as an armed career criminal, two for trafficking crack cocaine in violation of Ohio Revised Code § 2925.03, two for robbery under Ohio Revised Code § 2911.02, and one for felonious assault under Ohio Revised Code § 2903.11 (Report, ECF No. 42, PageID 164).

### Claims under *Descamps* without Merit

Avery now says these convictions should not have been counted on the basis of *Descamps v. United States*, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), where the Supreme Court held that to determine whether a prior conviction qualifies for an ACCA enhancement, district

3

courts must ordinarily use the categorical approach, comparing the elements of the crime of conviction with the elements of the generic crime listed in the ACCA. "The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." 133 S. Ct. at 2281.

Avery construes this as meaning that "state statutes [of conviction] that are overly broad compared to comparable federal statutes cannot be used to enhance a sentence under the ACCA regardless of the facts involved in any given conviction." (Objections, ECF No. 43, PageID 167.) He then argues that

(1) Ohio Revised Code § 2925.03(h) covers gifts of marijuana in misdemeanor amounts and there is no federal statute this broad. *Id.* at PageID 168.

(2) Ohio Revised Code § 2903.11(B) "covers nothing but sexual assault and other sexual conduct, and exposure to the AID's virus" which is overbroad. *Id.*

(3) Ohio Revised Code § 2911.02 covers physical harm to another done while attempting to commit a theft offense or fleeing thereafter, which would cover bumping into someone while fleeing after attempted shoplifting. *Id.* at PageID 168-69.

Avery misreads *Descamps*. Justice Kagan's opinion for the majority says nothing about comparing the offense of conviction with federal criminal statutes. Instead, it commands comparison of the elements of the crime of conviction with the elements of the "generic" offense of the same sort. "[I]f the statute sweeps more broadly than the generic crime, a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in the generic form. The key … is elements, not facts." *Descamps*, 133 S. Ct. at 2283, citing *Taylor v. United States,* 495 U.S. 575 (1990). In looking for elements of generic offenses,

4

the Court turns to a treatise, W. LaFave, Substantive Criminal Law (2nd ed. 2003), rather than to the federal criminal code. *Id.* at 2285.

Avery's 1999 predicate conviction was for trafficking in crack cocaine within 1,000 feet of a school. Ohio Revised Code § 2925.03 separately prohibits selling controlled substances within 1,000 feet of a school and classifies that offense as a felony of the third degree. Ohio Revised Code § 2925.03(C)(4)(b). Thus Avery's argument that another subsection of Ohio Revised Code § 2925.03, subsection (h), makes trafficking in minor amounts of marijuana a misdemeanor is irrelevant. Avery's 2001 conviction for trafficking in crack cocaine within 1,000 feet of a school is subject to the same analysis. Both these offenses constitute "serious drug offenses" within the meaning of 18 U.S.C. § 924(e)(2)(A)(ii) because under Ohio law they carry a maximum penalty of ten years or more imprisonment.

Avery's two robbery convictions from 2001 and 2005 were also counted as predicate offenses. Under 18 U.S.C. § 924(e)(2)(B)(i), a "violent felony" is one which includes as an element the use, attempted use, or threatened use of physical force against the person of another. Ohio Revised Code § 2911.02 defines robbery in precisely that way. Avery's hypothetical example – bumping into someone while attempting to escape from an unsuccessful shoplifting attempt – would not constitute robbery under Ohio law because an accidental bumping would not satisfy the *mens rea* requirement for conviction of any crime in Ohio.

Finally, Ohio Revised Code § 2903.11 separates generic felonious assault – knowingly causing serious physical harm to another – from felonious assault by sexual conduct of person who knows he or she is HIV positive, requiring different elements for each.

5

**Claims Barred by Plea Agreement**

Entirely apart from the merits analysis just given of Avery's *Descamps* claims, both they and his original argument under *Johnson* are barred by his waiver of collateral attack in the Plea Agreement. The Magistrate Judge made this point in the original Report and Avery objects:

> Lastly, on Page 5, it is stated that I filed this § 2255 motion for correction of sentence in violation of my plea agreement. This is not true. First, I am not attacking my conviction. I am just pointing out that the mandatory minimum sentence that I agreed to has changed, and that the new mandatory minimum is now appropriate. *United States v. Powell,* 650 F.3d 388 (4th Cir. 2011), *U.S. v. Berry,* 533 F.3d 273 (3rd Cir. 2009)[sic], and *U.S. v. Pless*, 982 F.2d 1118 (7th Cir. 1992), make it clear that I have a due process right to be sentenced on the basis of accurate information. That information has changed, along with what is now recognized as the appropriate new mandatory minimum sentence.

(Objections, ECF No. 43, PageID 169.)  Avery is simply wrong in this assertion.  The mandatory minimum term of imprisonment for violation of the Armed Career Criminal Act is still fifteen years.  But even if the mandatory minimum had been reduced, that would not entitle a person sentenced to an agreed sentence under the prior law to a reduction.  None of the cited cases hold to the contrary.  Avery's § 2255 Motion is undoubtedly a collateral attack on his sentence and is therefore barred by the Plea Agreement.

**Descamps Claims Barred by Statute of Limitations**

28 U.S.C. § 2255(f) creates a one-year statute of limitations on § 2255 Motions with the time running, with exceptions not relevant here, from the date the conviction became final.  As

noted above, Avery's conviction became final November 22, 2009, the last day on which he could have filed for certiorari in the Supreme Court. Avery did not file his initial request for relief from judgment in this Court until November 13, 2015, almost six years later. Thus his *Descamps'* claims are barred by the statute of limitations.[1]

### *Descamps* Claims Procedurally Defaulted

Avery's claims that his predicate convictions do not qualify under *Descamps* was fully available to him on direct appeal, but never made in that proceeding. A motion to vacate under § 2255 is not a substitute for direct appeal. *United States v. Duhart,* 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States*, 471 F.2d 719 (6th Cir. 1973). Absent manifest injustice or special circumstances such as a change in the law, § 2255 motions will be dismissed summarily if they raise claims that were or might have been asserted on direct review. Hertz & Liebman, Federal Habeas Corpus Practice and Procedure 6th, §41.7(e)(2011), *citing Reed v. Farley*, 512 U.S. 339, 358 (1994); *Withrow v. Williams*, 507 U.S. 680, 721 (1993); *Davis v. United States,* 417 U.S. 333, 342 (1974); *Kaufman v. United States*, 394 U.S. 217, 227 n. 8 (1969); Yackle, Postconviction Remedies, §108 (1981), *citing Mars v. United States,* 615 F.2d 704 (6th Cir. 1980); *Mathews v. United States,* 11 F.3d 583 (6th Cir. 1993).

---

[1] No limitations analysis was included in the original Report because *Johnson* has been held to be retroactive. *In re: Windy Watkins*, ___ F.3d ___, 2015 U.S. App. LEXIS 21952 (6th Cir. 2015). *Descamps*, in contrast, has never been held to be retroactive. *Zemba v. Farley*, 2015 U.S. App. LEXIS 12430 (6th Cir. 2015).

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that Avery's § 2255 Motion be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 29, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

'**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).