# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,    :      Case No. 3:07-cr-205
                                                 (Also 3:16-cv-002)

                                                 District Judge Thomas M. Rose
   -  vs  -                                       Magistrate Judge Michael R. Merz

EDWIN ARTHUR AVERY,

                Defendant.    :

## REPORT AND RECOMMENDATIONS

This § 2255 case is before the Court on Defendant's [Second] Motion to Vacate (ECF No. 48). The Sixth Circuit granted Defendant permission to file a second or successive motion and transferred the case to this Court. *In re: Edwin Arthur Avery*, Case No. 16-3566 (6th Cir. Sept. 29, 2016)(unpublished; copy at ECF No. 47.) The instant Motion is called hereinafter the "Second Motion" to distinguish it from Mr. Avery's First Motion to Vacate (ECF No. 41). The circuit court also decided that "without an expansion of the record, it cannot be determined whether Avery qualifies as an armed career criminal after *Johnson*." (ECF No. 47, PageID 183.) Accordingly the Court ordered the Government to file an Answer and it has done so (ECF No. 52). Mr. Avery has filed a Reply to the Answer (ECF No. 55) and the case is therefore ripe for decision.

Defendant pleads the following grounds for relief:

> **Ground One:** Petitioner's convictions for robbery under Ohio Revised Code § 2911.02 & his conviction under § 2903.11 are invalid by *Johnson*.
>
> **Supporting Facts:** As fully explained in the attached brief, Petitioner's convictions for robbery under Ohio Revised Code § 2911.02 are no longer crimes of violence after *Johnson*, 135 S. Ct. 2251 (2015) because the crime can be accomplished without any physical force, but force is necessary under the ACCA.
>
> **Ground Two:** Petitioenr [sic] conviction for felonious assault is no longer a [sic] ACCA predicate offense after *Johnson v. U.S.*, 135 S. Ct. 2551.
>
> **Supporting Facts:** See attached brief.

(Second Motion, ECF No. 48, PageID 189.)

**Procedural History**

Edwin Avery was indicted by the grand jury for this District on December 20, 2007, and charged in one count with a violation of 18 U.S.C. §§ 922(g)(1) and 924(e) in that he was alleged to have possessed a firearm after having been convicted as follows:

> (1) on or about August 8, 2005, Defendant Edwin Arthur Avery was convicted in the Court of Common Pleas of Clark County, Ohio, in case number 05-cr-293, of robbery, in violation of Ohio Revised Code section 2911.02;
>
> (2) on or about August 8, 2005, Defendant Edwin Arthur Avery was convicted in the Court of Common Pleas of Clark County, Ohio, in case number 05-cr-539 of felonious assault, in violation of Ohio Revised Code section 2903.11;

2

>  (3) on or about January 4, 2002, Defendant Edwin Arthur Avery was convicted in the Court of Common Pleas of Clark County, Ohio, in case number 01-cr-758, of trafficking in crack cocaine, in violation of Ohio Revised Code section 2925.03;
>
>  (4) on or about January 4, 2002, Defendant Edwin Arthur Avery was convicted in the Court of Common Pleas of Clark County, Ohio in case number 01-cr-578, of robbery, in violation of Ohio Revised Code section 2911.02;
>
>  (5) on or about March 14, 2000, Defendant Edwin Arthur Avery was convicted in the Court of Common Pleas of Clark County, Ohio in case number 99-cr-611, of trafficking in crack cocaine, in violation of Ohio Revised Code section 2925.03.

(Indictment, ECF No. 1, PageID 1-2.)

On June 6, 2008, Avery entered into a Plea Agreement with the United States in which he agreed to plead guilty to Count One of the Indictment (Plea Agreement, ECF No. 21). The plea was made pursuant Fed. R. Crim. P. 11(c)(1)(C) and agreed that "the appropriate disposition of this case is a sentence of fifteen (15) imprisonment . . .", the mandatory minimum for the offense to which he was pleading guilty. *Id.* at PageID 37, ¶ 4. As part of the Plea Agreement, Mr. Avery gave up his right to appeal unless the Court did not impose the agreed sentence and his "right to bring a post-conviction collateral attack on the conviction or sentence." *Id.* at PageID 39, ¶ 8.

After reviewing a Presentence Investigation Report ("PSR") prepared by the Probation Department, the Court imposed the agreed sentence (Judgment, ECF No. 29), but Avery appealed anyway (ECF No. 31). The Sixth Circuit considered the case on the merits, but also ruled that the appeal waiver was valid. *United States v. Avery*, Case No. 08-4271 (6th Cir. Aug. 21, 2009)(unpublished, copy at ECF No. 35).

Mr. Avery filed his First Motion to Vacate January 4, 2016 (ECF No. 41).  On an original and supplemental Report and Recommendations (ECF No. 42, 45), District Judge Rose on February 24, 2016, dismissed the First Motion with prejudice and denied Mr. Avery a certificate of appealability (ECF No. 46).  Mr. Avery took no appeal, but filed his Application for Leave to File a Second or Successive Motion to Vacate with the Sixth Circuit on May 23, 2016 (ECF No. 48).  That court granted leave on September 29, 2016.  *In re:  Edwin Arthur Avery*, Case No. 16-3566 (6th Cir. Sep. 29, 2016)(unpublished; copy at ECF No. 47).

The Sixth Circuit noted the Supreme Court's recent decision in *Welch v. United States*, 136 S. Ct. 1257 (2016), in which that Court held its prior decision in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), announced a new substantive rule that has retroactive effect in cases on collateral review.  It noted that

> the government does not dispute that Avery has made a prima facie showing that he is entitled to relief from his ACCA sentence based on *Johnson.* In particular, two of the predicate offenses for Avery's armed career criminal designation—convictions for robbery under Ohio Revised Code § 2911.02—do not categorically qualify as violent felonies without reference to the residual clause. See *United States v. Torres,* Nos. 15-3346, 15-3353, 2016 WL 1274536, at *6–8 (6th Cir. Apr. 1, 2016). And the drug trafficking convictions identified by the district court in its dismissal of Avery's first § 2255 motion were not counted as predicate offenses for his armed career criminal designation at the time of sentencing and appear to be fourth-degree felonies that do not qualify as "serious drug offense[s]" under the ACCA. See 18 U.S.C. § 924(e)(2)(A) (defining a "serious drug offense" in relevant part as one for which the maximum term of imprisonment is ten years or more); Ohio Rev. Code §§ 2925.03(C)(4)(b), 2929.14(A)(4).

(ECF No. 47, PageID 183.)  Hence it directed this Court to order an expansion of the record, which has been done.

## Analysis

Despite having conceded to the Sixth Circuit that Mr. Avery had pled a prima facie case under *Johnson*, the United States defends Avery's conviction under the Armed Career Criminal Act ("ACCA"). The ACCA is codified at 18 U.S.C. § 924(e) and provides

> (e)
>
> (1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).
>
> (2) As used in this subsection—
>
> (A) the term "serious drug offense" means—
>
> > (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46 for which a maximum term of imprisonment of ten years or more is prescribed by law; or
> >
> > (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law;

>(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
>>(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>
>>(ii) is burglary, arson, or extortion, involves use of explosives, or **otherwise involves conduct that presents a serious potential risk of physical injury to another**; and
>
>(C) the term "conviction" includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.

In *Johnson*, *supra*, the Supreme Court declared the so-called residual clause of the ACCA, bold-faced above, to be unconstitutionally vague. In *Welch*, *supra*, it declared *Johnson* was to be applied retroactively to cases on collateral review.

As the Sixth Circuit noted in the Transfer Order, the sole question before it on Avery's Application is whether he had made "a prima facie showing that his proposed claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." (ECF No. 47, PageID 183.) The Government had conceded that a prima facie case had been pled, so the Sixth Circuit would have had to rule against both litigants if it denied the Application.

After transfer, this Court is to consider the Second Motion de novo. *In re Embry*, 831 F.3d 377 (6th Cir. 2016).

**Does the Second Motion Raise the Same Claim Made in the First Motion and Denied by this Court?**

The United States seeks dismissal because, it asserts, the Second Motion raises the same claim made in the First Motion and finally dismissed with prejudice by this Court (Answer, ECF No. 52, PageID 211-12, citing 28 U.S.C. § 2255(h) and 2244(b)(1)).

Avery does not deny that he is raising the same *Johnson* claim in the Second Motion as he raised in the first, but contends that "section 2255 actually allows such a claim under very specific circumstances." (Reply, ECF No. 55, PageID 259.)  Mr. Avery is correct that § 2244(b)(1) applies only to petitions for writ of habeas corpus under § 2254, which the Second Motion is not.  He also correctly notes that § 2244(a) permits consideration of a claim made in a prior case "as provided in section 2255." *Id.* at PageID 260.  Finally he notes that § 2255(h)(2) allows a second or successive 2255 motion if a panel of the court of appeals finds it contains a claim based on "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  In the Transfer Order, the Sixth Circuit notes that the decision in *Welch*, holding *Johnson* was substantive and therefore retroactive, was "recent."  *Welch* was decided April 18, 2016, about a month after Avery filed his Application in the circuit court on May 23, 2016, and two months after the First Motion was dismissed on February 24, 2016.

The question is whether a *Johnson* claim was "previously unavailable," i.e. at the time the First Motion was filed.  Although *Welch* had not yet been decided, the Sixth Circuit had decided on December 17, 2015, before Avery filed his First Motion, that *Johnson* had announced a new rule of constitutional law not previously available. *In re: Windy Watkins*, 810 F.3d 375 (6th Cir. 2015).  In deciding the First Motion, this Court treated *Johnson* as retroactively

7

applicable on collateral review (See Report, ECF No. 42). In fact, the First Motion is entirely based on *Johnson*.

The Supreme Court has held that "Congress enacted [the] AEDPA [including adopting § 2255(h)] to reduce delays in the execution of state and federal criminal sentences, . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202 (2003); *Ryan v. Gonzales*, ___ U.S. ___, 133 S. Ct. 696, 184 L. Ed. 2d 528 (2013), *citing Woodford*. At common law a judgment denying a writ of habeas corpus had no res judicata effect and the petition could be re-submitted to as many judges as one could find. While not enacting a res judicata rule for § 2255 motions, Congress plainly intended that there be finality of determination of claims, while allowing newly-available claims to be presented if the Supreme Court made them available. But Avery's *Johnson* claim was fully available to him when he filed the First Motion and was in fact litigated and not appealed. Avery's Second Motion should therefore be dismissed as a re-filing of the same claim made in the First Motion.

**Waiver of Right to Collateral Attack**

As noted above, when he entered into the Plea Agreement, Avery gave up his right to make a collateral post-conviction attack on the judgment (Plea Agreement, ECF No. 21, PageID 39, ¶ 8). A defendant who has knowingly, intelligently, and voluntarily agreed not to contest his sentence in any post-conviction proceeding has waived the right to file a § 2255 motion. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). This waiver also precludes attacks based on new law, e.g., claims under *Johnson v. United States*. *In re: Garner*, Case No. 16-1655, 2016 U.S. App. LEXIS 19996 (6th Cir. Nov. 2, 2016).

The Magistrate Judge relied in part on the waiver when recommending dismissal of Avery's First Motion (See Report and Recommendations, ECF No. 42, PageID 165). Avery objected that he was not attacking the conviction, but pointing out that there was a new mandatory minimum sentence applicable to his conviction (Objections, ECF No. 43, PageID 169). In a Supplemental Report and Recommendations, the Magistrate Judge rejected this argument by noting that the mandatory minimum sentence for an ACCA violation was still fifteen years and the First Motion was "undoubtedly a collateral attack on his sentence and is therefore barred by the Plea Agreement." (ECF No. 45, PageID 177.)

Avery filed no objections to the Supplemental Report. The failure to file specific objections is a waiver of right to raise issues on appeal. *Alspaugh v. McConnell*, 643 F.3d 162, 166 (6th Cir. 2011); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Mattox v. City of Forest Park*, 183 F.3d 515, 519 (6th Cir. 1999); *Thomas v. Arn*, 474 U.S. 140 (1985).

In the absence of Objections, Judge Rose adopted the Supplemental Report (ECF No. 46). Mr. Avery took no appeal. Although this Court had denied him a certificate of appealability, he was free to ask the Court of Appeals to grant such a certificate, but he did not do so. Thus the validity of Avery's waiver of collateral review is now the law of the case.

Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation. *United States v. Moored*, 38 F. 3d 1419, 1421 (6th Cir. 1994), *citing United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993). "As most commonly defined, the doctrine [of law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), *citing* 1B Moore's Federal

Practice ¶0.404 (1982); *Patterson v. Haskins*, 470 F.3d 645, 660-61 (6th Cir. 2006); *United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005). "While the 'law of the case' doctrine is not an inexorable command, a decision of a legal issue establishes the 'law of the case' and must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal in the appellate court, unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice." *White v. Murtha*, 377 F.2d 428 (5th Cir. 1967), quoted approvingly in *Association of Frigidaire Model Makers v. General Motors Corp.*, 51 F.3d 271 (6th Cir. 1995).  The purpose of the doctrine is twofold:  (1) to prevent the continued litigation of settled issues; and (2) to assure compliance by inferior courts with the decisions of superior courts.  *United States v. Todd*, 920 F.2d 399 (6th Cir. 1990), *citing* Moore's Federal Practice.

Mr. Avery attempts to overcome this prior decision by arguing that he is actually innocent of violating the ACCA and therefore this "court was without jurisdiction to sentence him."  (Second Motion, ECF No. 48, PageID 196.)

For that proposition, he relies first on *Gomez v. United States*, 490 U.S. 858 (1989), where the Supreme Court reversed a conviction obtained at a trial where a United States Magistrate[1] presided over voir dire and jury selection without the consent of the parties.  The Court held that those functions were not authorized to be delegated to a federal magistrate in a felony case without the consent of the parties.  Judgment in this case was imposed by District Judge Thomas Rose, appointed by the President under Article III of the Constitution.  There is no

---

[1] The judicial officer in question held the same office as the undersigned under 28 U.S.C. § 636, et seq.  The title of the office was changed to United States Magistrate Judge shortly after *Gomez* was decided.

question that District Judges have the authority to impose felony sentences and *Gomez* suggests nothing to the contrary.

Mr. Avery next cites *McGrath v. Kristensen*, 340 U.S. 162 (1950). There the Government had claimed federal courts had no jurisdiction to consider the Attorney General's suspension of deportation proceedings because that was not a justiciable question under Article III. While permitting the issue to be raised, the Court found it was without merit. Avery cites *McGrath* for the proposition that "subject matter jurisdiction questions can be raised at any time. . . ." (ECF No. 48, PageID 196.) While that is true, *McGrath* provides no basis for finding a lack of subject matter jurisdiction here. United States District Courts have exclusive original subject matter jurisdiction over federal criminal cases. That has been true since the Judiciary Act of 1789 when the First Congress decided the point.

Finally, Mr. Avery cites *California v. La Rue*, 409 U.S. 109 (1972), for the unremarkable proposition that jurisdiction cannot be conferred on a federal court by consent, stipulation, or action. Again, nothing in *La Rue* suggests this Court did not have jurisdiction over the subject matter of this case.

More critically, Mr. Avery cites no case which even begins to suggest that a post-conviction showing of actual innocence deprives a sentencing court of subject matter jurisdiction. The actual innocence doctrine has been recognized by the Supreme Court only as a means of avoiding a procedural default in a habeas corpus case. *McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013). Avery relies on *United States v. Gray*, 2016 U.S. Dist. LEXIS 6753 (E.D. Wash. Jan. 19, 2016), where the § 2255 petitioner characterized his situation, as does Avery here, of being "actually innocent" of the ACCA conviction because the predicate offenses no longer qualify. That is a colorable argument, but it does not speak to the

jurisdictional claim. And in *Gray* the government did not seek to enforce a collateral review waiver.

**The Predicate Offenses**

In his Second Motion, Mr. Avery asserts that, in light of *Johnson*, he no longer has three qualifying predicate offenses under the ACCA. He challenges here his convictions for robbery under Ohio Revised Code § 2911.02 and felonious assault under Ohio Revised Code § 2901.11.[2]

**The Robbery Convictions**

The two robbery convictions counted as qualifying predicate offenses were (1) an August 8, 2005, conviction for robbery in violation of Ohio Revised Code § 2911.02 in the Clark County Common Pleas Court and (2) a January 4, 2002, conviction for robbery under the same statute and in the same court (Indictment, ECF No. 1, PageID 1-2).

Ohio Revised Code § 2911.02 defines robbery as including the following elements: (1) infliction, attempting to inflict, or threatening to inflict physical harm on another person or (2) the use or threatened immediate use of force against another. Thus the Ohio crime of robbery fits squarely within the so-called "elements" or "force" clause of the ACCA because it "has as an element the use, attempted use, or threatened use of physical force against the person of another." There was no need to resort to the unconstitutional residual clause of the ACCA to find that these two robbery convictions were qualifying predicate offenses.

---

[2] In deciding the First Motion, the Magistrate Judge also relied on two drug convictions. The United States concedes that those do not qualify under the ACCA as "serious drug offenses." (Answer, ECF No. 52, PageID 210, n. 5.) Accordingly, no further analysis is made of those convictions.

Avery argues these two convictions should not be counted because the so-called "categorical approach" must be used in determining whether an offense qualifies as a violent felony (Second Motion, ECF No. 48, PageID 192, citing *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013)). Moreover, he claims, force does not qualify unless it is violent force. *Id.* citing *Johnson v. United States*, 559 U.S. 133 (2010).

This argument has nothing to do with the 2015 *Johnson* case declaring the residual clause unconstitutional because, as the Magistrate Judge put it summarily in the original Report and Recommendations on the First Motion, Avery was not convicted under the residual clause. In other words, Avery is not pleading a 2015 *Johnson* claim, but a *Descamps* claim or a 2010 *Johnson* claim. Avery was convicted before *Descamps* was decided. If *Descamps* were applicable retroactively to collateral attacks, then Avery's deadline for filing an attack under *Descamps* would have been one year after it was decided, or June 20, 2014. But he did not file his First Motion until November 13, 2015 (ECF No. 38). And *Descamps* is not retroactively applicable. *Zemba v. Farley*, 2015 U.S. App. LEXIS 12430 (6th Cir. 2015); *In re Black*, 2014 U.S. App. LEXIS 15452 (6th Cir. 2014); *Headbird v. United States*, 813 F.3d 1092 (8th Cir. 2016). The same responses apply to any claim under the 2010 *Johnson* case except that it is three years older than *Descamps*. The 2015 *Johnson* decision on the residual clause did not resurrect possible claims based on earlier interpretations of the ACCA.

In the Transfer Order, the Sixth Circuit refers to *United States v. Torres*, 644 Fed. Appx. 663 (6th Cir. Apr. 1, 2016). Torres co-Defendant Turner appealed his ACCA conviction in part because his conviction under Ohio Revised Code § 2911.02 had been classified as a prior violent felony under the residual clause which *Johnson 2015* had eliminated. Because the parties disagreed on whether Turner had been convicted under Ohio Revised Code § 2911.02(A)(1) or

13

(A)(3) and the Court of Appeals could not resolve the issue on the documents before it, it remanded the case for that determination, just as the Sixth Circuit did here.

In its Answer, the United States concedes that this Court will not be able to tell from the state court record whether Avery's 2001 robbery conviction was under Ohio Revised Code § 2911.02(A)(1) or (2)(ECF No. 52, PageID 216-18). Presumably this is because Avery was originally indicted for aggravated robbery with the use of a firearm and was permitted to plead guilty to the lesser-included robbery offense without specification of the statute involved (See Plea, at ECF No. 52, PageID 222). The Government concedes further that a conviction under (A)(1) would qualify only under the residual clause Because Avery bears the burden of proof on his Second Motion and cannot prove Court reliance on the residual clause, the Government argues the Motion should be denied. *Id.*, citing *Pough v. United States*, 442 F.3d 959 (6th Cir. 2006); *McQueen v. United States*, 58 Fed. Appx. 73 (6th Cir. 2003); *In re: Moore*, 830 F.3d 1268 (11th Cir. 2016); and *Stanley v. United States*, 827 F.3d 562 (7th Cir. 2016).

Avery responds that the burden of proving the validity of the conviction should be on the United States, relying on *United States v. Torres*, 644 Fed. Appx. 663 (6th Cir. 2016). *Torres*, however, was a direct appeal case and it clearly would be part of the Government's burden at trial to prove beyond a reasonable doubt that the predicate offenses qualified. If Avery had contested the qualification of the robberies as predicate offenses, *Torres* supports the unremarkable proposition that the Government would have had to prove they qualified. Even if he had not contested the qualification, *Torres* supports the further proposition that the claim could be upheld on appeal as plain error. But that is not what happened here. Avery admitted these predicate offenses were violent felonies and did not contest their classification that way in the PSR. Nor did he raise that claimed error on appeal. The first time he made the claim was in

his First Motion and he repeats it now in the Second Motion.  It is well established that on a § 2255 motion, the burden of proving entitlement to relief is on the § 2255 movant.  *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006); *McQueen v. United States*, 58 Fed. Appx. 73 (6th Cir. 2003).

### The Felonious Assault Conviction

Another prior conviction counted against Avery as a qualifying predicate offense was his conviction for felonious assault in violation of Ohio Revised Code § 2903.11 in the Clark County Common Pleas Court on August 8, 2005 (Indictment, ECF No. 1).  Avery argues now, although he did not at the time of conviction or on direct appeal, that his felonious assault conviction does not qualify because it does not require "serious physical harm." (ECF No. 48, PageID 195.)

Avery argues that Ohio Revised Code § 2903.11(A)(2) requires only some harm or attempt to cause harm (ECF No. 48, PageID 195).  However, the record shows that Avery pled guilty to violating Ohio Revised Code § 2903.11(A)(1) which requires proof of causing serious physical harm to another (See Plea at ECF No. 52-6, PageID 249).  The Sixth Circuit, applying the categorical approach, has held that felonious assault in violation of Ohio Revised Code § 2903.11(A)(1) is a violent felony within the meaning of the ACCA.  *United States v. Anderson*, 695 F.3d 390 (6th Cir. 2012).

Avery attempts to distinguish *Anderson* because it was decided before *Descamps*, *Johnson 2015*, *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243, 195 L. Ed. 2d 604, 610 (June 23, 2016), and *Walter v. Kelly*, 2016 U.S. App. LEXIS 11634 (6th Cir. Jun 22, 2016).  However, he offers no analysis of how any of those cases render *Anderson* bad law.  *Walter* in

particular does not consider whether felonious assault under Ohio Revised Code § 2903.11 is a violent felony for ACCA purposes, although its analysis is consistent with that conclusion.

**Conclusion**

Because this Court has already held in an unappealed judgment that Avery has waived collateral review of his conviction and sentence, the Second Motion to Vacate should be DISMISSED WITH PREJUDICE. Because this Court has already determined Avery's *Johnson 2015* claim against him on the merits, that claim should be DISMISSED WITH PREJUDICE on this alternative grounds. Finally, Avery has not established the merits of his *Johnson 2015* claim as to the predicate offenses counted against him and the Second Motion should be DISMISSED WITH PREJUDICE on that basis as well. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 28, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters

occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).