# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:07-cr-205
                                             (Also 3:16-cv-002)

                                             District Judge Thomas M. Rose
- vs -                                   Magistrate Judge Michael R. Merz

EDWIN ARTHUR AVERY,

                Defendant.      :

## REPORT AND RECOMMENDATIONS ON MOTION TO AMEND THE JUDGMENT

      This § 2255 case is before the Court on Defendant's Motion to Alter, Amend, or Reconsider Judgment Denying Motion under 28 U.S.C. § 2255 (ECF No. 60). This proceeding is Mr. Avery's second § 2255 motion, on which he was granted permission to proceed by the Sixth Circuit (ECF No. 47).

**Timeliness of Objections**

      After the Motion was filed, the Court found Mr. Avery had adequately proved that his receipt of the Report and Recommendations (the "Report," ECF No. 56) was delayed by the institutional mail at his place of imprisonment to such an extent that he could not have filed objections within the seventeen days allowed by Fed. R. Civ. P. 72. Therefore the Magistrate

Judge recommends that the Court should reconsider its final decision by applying to the recently filed Objections (ECF No. 60-3) the same standard it would have applied if the objections had been filed within that time. That is to say, the Magistrate Judge's findings of fact should be set aside if clearly erroneous and his conclusions of law should be reviewed de novo, per Fed. R. Civ. P. 72(b).

The Report recommends dismissal of the Second § 2255 Motion (ECF No. 48) with prejudice on three separate bases:

1. Mr. Avery waived collateral review of his conviction and sentence in the Plea Agreement (Report, ECF No. 56, at PageID 274-78).

2. The claim made in this Second § 2255 Motion is the same claim made in Mr. Avery's First § 2255 Motion (ECF No. 41) which the Court dismissed with prejudice (ECF No. 46) and which Mr. Avery did not appeal. His Second § 2255 Motion is therefore barred by the law of the case (ECF No. 56, at PageID 273-740).

3. In any event, Mr. Avery's Second § 2255 Motion is without merit because he still has three predicate convictions which qualify under the Armed Career Criminal Act ("ACCA") without reference to the residual clause declared unconstitutional in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

On February 15, 2017, the Magistrate Judge notified the United States Attorney of his intention to recommend consideration of Mr. Avery's Objections (ECF No. 60-3, PageID 296-304) on the merits and advised the Government that its time to respond would expire on February 27, 2017. That time has expired and no response has been filed. The Court accordingly proceeds to consideration of the merits of the objections.

# Analysis

**Waiver of Collateral Review**

The Report found that Mr. Avery had waived collateral review of his conviction (Report, ECF No. 56, PageID 274, citing Plea Agreement, ECF No. 21, PageID 39, ¶ 8). The waiver formed one basis for recommending dismissal of the First § 2255 Motion. Avery never objected and never appealed from dismissal. The Report recommends dismissal of the Second § 2255 Motion on the same basis and because that basis has become the law of the case (ECF No. 56, PageID 275).

Avery tried to overcome that waiver and prior decision by claiming he is "actually innocent" of violating the Armed Career Criminal Act ("ACCA") and therefore this Court lacked jurisdiction to sentence him under that Act (Second Motion, ECF No. 48, PageID 196). The Report discusses reasons why the authorities he cites do not show lack of jurisdiction (ECF No. 56, PageID 276-78).

Avery objects that, in light of his actual innocence of a crime carrying a maximum sentence in excess of ten years, "neither a waiver, the law of the case doctrine, or the fact that the petitioner raise[d] the exact same claim in a previous § 2255 petition, prevents this court from hearing this claim." (Objections, ECF No. 60-3, PageID 299.)

He relies in the first place on *McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013). In *McQuiggin*, the Supreme Court held

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the

> threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup,* 513 U. S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808; see House, 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind Schlup envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. Schlup, 513 U. S., at 332, 115 S. Ct. 851, 130 L. Ed. 2d. 808.

133 S. Ct. at 1928. The holding in *McQuiggin* was that actual innocence could overcome the bar of the statute of limitations. In addition, the Court did cite historical uses of the actual innocence gateway exception to avoid procedural bars that existed prior to adoption of the AEDPA in 1996. 133 S. Ct. at 1931-32.

Nothing in *McQuiggin* suggests "actual innocence" will excuse a bargained-for waiver in a plea agreement. For that proposition, Avery relies on *United States v. Terrell*, 2016 U.S. Dist. LEXIS 153552 (E.D. Wa 2016).[1] The Washington court wrote regarding waivers:

> As part of Mr. Terrell's plea agreement, Terrell voluntarily and expressly waived his "right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255," except one based upon ineffective assistance of counsel. A defendant may waive his right to collaterally attack a conviction and sentence. *See United States v. Leniear*, 574 F.3d 668, 672 & n.3 (9th Cir. 2009). Courts recognize strong public policy considerations justify the enforcement of plea agreements containing knowing and voluntary waivers of statutory rights of appeal or collateral attack because such "waivers usefully preserve the finality of judgments and sentences imposed pursuant to valid plea agreements." *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir. 2000). Subsequent changes in the law, which do not render the sentence unconstitutional, do not undercut the validity

---

[1] There is a typographical error in Mr. Avery's citation. The case which actually appears at 2016 U.S. Dist. LEXIS 152552 in the LEXIS database is *El-Saba v. University of South Alabama*, a civil case from the Southern District of Alabama.

4

> of a collateral attack waiver. *See United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007). A waiver will not be invalidated merely because unanticipated events occur in the future. *See e.g., U.S. v. Eastwood*, 148 Fed. Appx. 589 (9th Cir. 2005)(waiver enforceable and resentencing not warranted, despite changes in sentencing law brought about by *U.S. v. Booker* holding the Guidelines were advisory and not mandatory); *U.S. v. Morgan*, 406 F.3d 135 (2d Cir. 2005), *cert denied* 546 U.S. 980, 126 S. Ct. 549, 163 L. Ed. 2d 465 (2005)(same); *c.f. Adesina v. United States*, 461 F.Supp.2d 90, 96 (E.D.N.Y. 2006) ("Under the well-settled law of the Second Circuit, a valid waiver of the right to appeal or otherwise challenge a sentence is enforceable as to subsequent changes in the law, even as to constitutional arguments, that were not anticipated at the time the waiver was made.").
>
> However, all federal courts agree that waivers are not ironclad. In the Ninth Circuit, a valid waiver "will not apply" if "the sentence violates the law." *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007). "A sentence is illegal if it exceeds the permissible statutory penalty for the crime or violates the Constitution." *Id.* The Ninth Circuit has held that if *Johnson* nullifies the residual clause of the Career Offender Guidelines, sentences rendered pursuant to that clause are likely unconstitutional and would be "illegal," and thus waivers in plea agreements cannot bar collateral attacks on that basis. *United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016). Accordingly, the court must determine whether the sentence "violates the law" to determine whether the waiver applies.

*Id.* at *15-16. Thus the Washington court did not hold that "actual innocence" would avoid a waiver, but that a waiver would not bar consideration of a sentence made unconstitutional by *Johnson*, i.e., a sentence based on use of the residual clause made unconstitutional by *Johnson*. Avery's sentence was not based on use of the residual clause. Instead, he was found to have violated the ACCA by virtue of his prior convictions for robbery on two occasions and felonious assault. These prior convictions are analyzed further below.

5

Furthermore, Avery has not presented evidence of "actual innocence" as that term is used in habeas corpus jurisprudence. As the Sixth Circuit has held:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). "Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005). Avery's claim of actual innocence is not about presenting any new evidence that he did not actually commit either the crime he pled guilty to in this Court or any of the three predicate offenses used to enhance his sentence under the ACCA. Rather his argument goes to the legal classification of those three prior offenses.

**The Prior Convictions**

The Report found that Avery had three prior convictions that qualified as predicate offenses under ACCA, (1) an August 2005 robbery conviction in the Clark County Common Pleas Court, (2) an August 2005 conviction in the same court of felonious assault, and (3) a 2002 conviction for robbery in the Clark County Common Pleas Court. None of those convictions were found by this Court at sentencing to be predicate offenses on the basis of the residual clause.

As to the felonious assault conviction, the record shows that Avery pled guilty to that offense under a divisible sub-section of Ohio's felonious assault statute which requires proof of causing serious physical harm to another (Report, ECF No. 56, PageID 281). As to that particular statute, the Sixth Circuit has held its violation is a violent felony within the meaning of ACCA. *Id.*, *citing United States v. Anderson*, 695 F.3d 390 (6th Cir. 2012). Avery objects that *Anderson* has been "effectively" overruled by *Walter v. Kelly*, 653 Fed. Appx. 378 (6th Cir. 2016)(Objections, ECF No. 60-3, PageID 296). The Magistrate Judge disagrees.

First of all, the felonious assault statute at issue in *Walter* was Ohio Revised Code § 2903.11(a)(2), whereas Avery was convicted under Ohio Revised Code § 2903.11(a)(1) which requires proof of actually causing serious physical harm to another. *Anderson*, *supra*, was concerned with Ohio Revised Code § 2903.11(a)(1), not (a)(2). Second, even if *Walter* were inconsistent with *Anderson*, it would not in any way be overruled by *Walter* because *Anderson* is a published opinion of the circuit court and *Walter* is unpublished. In the Sixth Circuit an unpublished opinion cannot overrule an earlier published opinion. *United States v. Elbe*, 774 F.3d 885, 891 (6th Cir. 2014); *Darrah v. City of Oak Park*, 255 F.3d 301, 309 (6th Cir. 2001);

7

*Salmi v. Secretary of HHS*, 774 F.2d 685, 689 (6th Cir. 1985); *accord* 6th Cir. R. 206(c).  A panel of the Sixth Circuit may not overrule the published decision of another panel. *Hinchman v. Moore*, 312 F.3d 198, 203 (6th Cir. 2002); *Neuman v. Rivers*, 125 F.3d 315 (6th Cir. 1997).  "[A] prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or the Sixth Circuit sitting en banc overrules the prior decision. *Hinchman*, 312 F.3d at 203.

Regarding the two prior robbery convictions, the Report notes that Ohio Revised Code § 2911.02 defines robbery in Ohio to include the use of force against another person (Report, ECF No. 56, PageID 278).

In its Answer the Government conceded that the Court would not be able to tell from the relevant state court records whether Avery's earlier[2] robbery conviction was under Ohio Revised Code § 2911.02(A)(1) or (A)(2), and that an (A)(1) conviction would only have qualified under the residual clause.  However, the Government argued that because Avery bore the burden of proof with respect to showing the conviction qualified only under the residual clause and could not meet that burden, the Section § 2255 Motion should be denied.

Avery responds that he should not have to bear the burden of proof that the earlier robbery conviction only qualified under the residual clause.

He cites first what he calls the plain language of § 2255 which requires further process unless, upon initial filing, the record "conclusively shows the prisoner is entitled to no relief." But this case was not dismissed on initial review.  Instead, as directed by the Sixth Circuit, the Court ordered the Government to file additions to the record and an answer, which it did.  The Report constitutes the Magistrate Judge's recommendations as to findings of fact and conclusions of law as required by the statute.

---

[2] The 2005 robbery conviction clearly qualifies as a predicate offense under the elements clause of ACCA.

Avery relies on several cases which he argues entitle him to the benefit of the doubt with respect to whether prior convictions qualified only under the residual clause (Objections, ECF No. 60-3, PageID 300, citing *Fugitt v. United States*, 2016 U.S. Dist. LEXIS 131591 (W.D. Wash. 2016); *Murray v. United States*, 2015 U.S. Dist. LEXIS 156853 (W.D. Wash. 2015); *Kilgore v. United States*, 2016 U.S. Dist. LEXIS 170916 (W.D. Wash. 2016); and *United States v. Ellingsworth*, 2016 U.S. Dist. LEXIS 47974 (E.D. Wash. 2016)).

In *Fugitt*, the United States conceded that two of the predicate offenses would not have qualified as such after *Johnson*, but argued that Fugitt could not prove the Government relied on the residual clause when he was sentenced. The court decided:

> When a sentencing court accepts a stipulation that a defendant's prior convictions constitute violent felonies under the ACCA, typically no record exists explaining whether his prior convictions fit the elements clause, the enumerated offenses clause, or the residual clause. The court makes the final determination, but the parties evaluate the relationship between the defendant's prior convictions and the violent felony clauses behind closed doors. The Court has concluded that in the context of habeas review of an ACCA-enhanced sentence where the defendant stipulated to his ACC classification, the benefit of the doubt lies with the petitioner: the Court presumes his predicate offenses only satisfied the residual clause. *See, e.g., Murray v. United States*, 15-cv-5720-RJB, 2015 U.S. Dist. LEXIS 156853, 2015 WL 7313882, at *5 (W.D. Wash. Nov. 19, 2015) (applying the rule of lenity in the petitioner's favor where the record was unclear why the defendant's prior convictions classified as violent felonies); *Gibson*, 2016 U.S. Dist. LEXIS 78815, 2016 WL 3349350, at *1-2 (following *Murray* and relying on *O'Neal* to conclude that when "grave doubt" exists about the constitutionality of the petitioner's sentence, the reviewing court must conclude the sentencing court relied on the residual clause).

*Fugitt*, at *10-11. Judge Leighton, who wrote the opinion in *Fugitt*, is a nationally-respected jurist and there is nothing unlawful about giving the benefit of the doubt to a petitioner in the

9

circumstances Fugitt presented, which are quite parallel to those of Mr. Avery. That is, Avery stipulated to his ACCA violent felony priors and the Court had no occasion to make a finding on whether they qualified under the residual clause or the elements clause of § 924.

But decisions of the District Court in the State of Washington are not binding precedent on this Court and Judge Leighton gives no particular reason why the benefit of the doubt should shift to the § 2255 movant. The fact is, Avery's earlier robbery conviction could fall under the elements clause and most likely did, because it was a plea to a charge reduced from aggravated robbery. As noted in the Report, the burden of proof in a § 2255 proceeding is ordinarily on the movant and no Sixth Circuit precedent compels us to shift that burden.

Avery next relies on *In re Chance*, 831 F.3d 1335 (11th Cir. 2016). That decision was not on the merits, but merely granted Chance's request to proceed on a second motion, the same thing the Sixth Circuit did here. The *Chance* panel criticized what a prior panel had said in dictum, to wit, that the movant had to prove he was sentenced under the residual clause. But it ended up emphasizing that the district court had to decide the case de novo. Of course neither *Chance* nor the *In re Moore* case it criticized is binding on this Court, seeing as how they are decisions of the Eleventh Circuit Court of Appeals.

In addition to his "benefit of the doubt" argument, Mr. Avery relies on his own statement that his earlier robbery conviction was under Ohio Revised Code § 2911.02(A)(1) rather than § 2911.02(A)(2):

> Petitioner states that he plead [sic] guilty to section (A)(1), which the government admits would only have qualified as a violent felony under the residual clause. But both the government and the Magistriat [sic] argue that this petitioner bears the burden of proving that his prior conviction was used by the federal sentencing court under the now unconstitutional residual clause.

10

> But this circuit (and all others) have stated that a petitioner's allegations in a § 2255 petition are to be taken as true.

(Objections, ECF No. 60-3, PageID 302, *citing Ewing v. United States*, 651 Fed. Appx. 405 (6th Cir. 2016)).

The undersigned finds several difficulties with these assertions.

First of all, Mr. Avery asks the Court to takes his word for the statute of conviction when he offers no corroboration at all. How does he remember? The state court record does not reflect whether the conviction was under (A)(1) or (A)(2). It would hardly have been important to Avery at the time – he or his attorney had just negotiated a charge reduction from aggravated robbery to simple robbery. The penalty was the same for either subsection – the imprisonment provided for a felony of the second degree, as opposed to a first degree felony for aggravated robbery. It is inherently incredible that a person convicted many times of felony offenses would remember, fifteen or sixteen years after the fact, the statutory subsection under which he was convicted when the offense would have been labeled "robbery" in either case. Of course, Mr. Avery's claim is also subject to the credibility factor that it has just now become important for him to remember this fact; he does not point to any documentation showing he made this distinction at any time in the past.

The distinction does not appear in his Second § 2255 Motion. At page 6 of the Motion, he refers to his "convictions for robbery under O.R.C. § 2911.02" without citing a subsection (ECF No. 48, PageID 189). Again in the body of the memorandum in support, he refers to "neither of his robbery conviction[s] under Ohio Rivised [sic] statutes 2911.02" without stating a subsection. *Id.* at PageID 192. On the very next page he refers to "robbery under Ohio Revised Code § 2911.02" without distinguishing the subsection. On the same page he refers to robbery under Ohio Revised Code § 2911.02(A)(3), which clearly is not at issue. None of the references

11

to the robbery offenses of conviction made in the Second § 2255 Motion as recently as September 29, 2016, make the distinction which Avery now claims to remember, less than six months later. If the Court were bound to accept as true the allegations made in a § 2255 Motion, that would not assist Avery because he does not make an assertion in the Motion about which subsection was involved.

However, *Ewing v. United States*, cited by Mr. Avery, does not require the Court to accept as true a petitioner's allegations in a § 2255 motion. *Ewing*, which is not a published decision, cites the usual standard for granting an evidentiary hearing taken from published opinions, particularly *Smith v. United States*, 348 F.3d 545 (6th Cir. 2003). But there is no occasion for holding a hearing when the essential fact claim – Avery's claim to remember what subsection of Ohio Revised Code § 2911.02 he was convicted under in 2001 or 2002 – is inherently incredible for the reasons given above.

**Conclusion**

Upon reconsideration in light of the Objections, it is again respectfully recommended that Mr. Avery's Second § 2255 Motion be DISMISSED WITH PREJUDICE. Reasonable jurists could disagree with the conclusion that a person in Mr. Avery's position is not entitled to the benefit of the doubt about whether an ambiguous prior conviction was or was not under a statute

that qualifies under ACCA after *Johnson*. Mr. Avery should be granted a certificate of appealability on that question, but otherwise denied such a certificate.

March 1, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).